IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20065-CR-SEITZ

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| VS. | ) |
| | ) |
| RAMON JOVANNI GALVIS RUBIO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## RAMON JOVANNI GALVIS RUBIO'S MOTION AND MEMORANDUM OF LAW FOR DOWNWARD DEPARTURE

RAMON JOVANNI GALVIS RUBIO, the Defendant, by and through undersigned counsel pursuant to U.S.S.G. § 5K2.0, and *Koon v. United States*, 518 US 81, 116 Supreme Court 2305 (1996), respectfully files his Motion for Downward Departure and in support thereof states as follows:

### STATEMENT OF FACTS

1. Pursuant to an extradition request of the United States Government, RAMON JOVANNI GALVIS-RUBIO, was arrested by Colombian Authorities on March 2nd, 2004. He was then incarcerated for over thirteen (13) months in Colombia at prison in Combita, Colombia. On April 15th, 2005, Galvis-Rubio was extradited to the United States

2. The prison in Combita, where the Defendant was housed for over thirteen (13) months, is a prison where the inmates are housed in cells made of concrete, whose windows were only barred, without glass (although inmates are allowed to curtain the windows with

---

Joseph S. Rosenbaum, P.A., Grove Forest Plaza, 2937 SW 27th Avenue, Suite 101, Miami, Florida 33133
Telephone (305) 446-6099 - Facsimile (305) 446-6150

plastic). Combita is located high above sea level, in a windy area, and temperatures are night go into the 40's. There is no heating in the cells, nor do inmates have hot water. Inmates are required to leave their cells at 5:00 a.m. and cannot return to them until 5:00 pm. In between time they are confined (except occasional visits to outside athletic fields) to an enclosed but not fully closed area. Even on cold days and in the rain. Inmates can receive visits, only every fifteen (15) days. These findings were made the unreported case of the *United States of America v. Torres*, 2005 Westlaw 2087818 (SDNY), August 30th, 2005.

## MEMORANDUM OF LAW

A District Court may make a downward departure from the Sentencing Guidelines if, pursuant to 18 U.S.C. §3553(b) and U.S.S.G. §5K2.0, the Court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described". As recognized in the Sentencing Guideline, the circumstances that may warrant departure, by their very nature, defy specification. It is respectfully submitted that this case presents facts and circumstances that would warrant a downward departure as being circumstances of mitigation both of a kind and to a degree not adequately taken into account by the Sentencing Commission. *United States vs. Koon*, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996). Further, there is nothing about these events that would not promote respect for the law or would encourage others to break the law. *See*, Sentencing Commission (Policy Statement), "[w]hen a court finds an atypical case, one to

*USA v. Ramon Jovanni Galvis-Rubio*
Case No. 04-20065-CR-Seitz
Page 3

which a particular guideline linguistically applies, but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." U.S.S.G., Chapter 1, Pt. A(4)(b). As noted in *Koon*, and expressly stated in Ch.1, Pt. 4(A)(b), "... the Commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guideline, that could constitute grounds for departure in an unusual case."

A District Court in the Southern District of New York, in an unreported case that can be found at 2005 Westlaw 20087818 SDNY (August 30th, 2005), found that the conditions of Combita warranted a downward departure by one (1) level because of the harsh conditions of the Defendant's pretrial detention while at Combita. The court found that this mitigating circumstance of a kind or two a degree not adequately taken into consideration by the Sentencing Guidelines in formulating the guidelines and further stated that there is no indication that the commission contemplated that federal pre-sentenced detainees would be kept in any detention facilities other than federal facilities and therefore departed one (1) level. The Defendant in *Torres* was held in Combita only five (5) months while Mr. Galvis-Rubio was held in Combita over thirteen (13) months.

WHEREFORE, RAMON JOVANNI GALVIS-RUBIO, the Defendant requests that this Honorable Court depart downward from the Sentencing Guidelines pursuant to U.S.S.G. § 5K2.0.

*USA v. Ramon Jovanni Galvis-Rubio*
Case No. 04-20065-CR-Seitz
Page 4

Respectfully Submitted,

_____
JOSEPH S. ROSENBAUM, ESQUIRE
FLORIDA BAR NO. 240206

JOSEPH S. ROSENBAUM, ESQUIRE
Grove Forest Plaza
2937 SW 27th Avenue, Suite 101
Miami, Florida 33133
Telephone: (305) 446-6099
Facsimile: (305) 446-6150

Attorney for the Defendant
Ramon Jovanni Galvis-Rubio

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Assistant U.S. Attorney Joseph A. Cooley at the U.S. Attorney's Office, 99 NE 4th Street, Miami, Florida 33132 and to U.S. Probation Officer, Todd Eisinger at the U.S. Probation Office, 300 NE 1st Avenue, Suite 315, Miami, Florida 33132-2126 this 19th day of April, 2006.

_____
Joseph S. Rosenbaum, Esquire